KIBLER FOWLER & CAVE LLP
Matthew J. Cave (SBN 280704)
mcave@kfc.law
Benjamin Marsh (SBN 247913)
bmarsh@kfc.law
11100 Santa Monica Blvd., Suite 600
Los Angeles, California 90025
Telephone:  (310) 409-0400
Facsimile:  (310) 409-0401

*Attorneys for Iceberg Records A/S*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ICEBERG RECORDS A/S, a Danish corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MONCHO CHAVEA, an individual; MORAD EL KHATTOUTI EL HORAMI p/k/a MORAD, an individual; and UNIVERSAL MUSIC GROUP N.V., a Dutch corporation,<br><br>　　　　Defendants. | CASE NO.<br><br>**COMPLAINT FOR:**<br><br>**1. DIRECT COPYRIGHT INFRINGEMENT;**<br>**2. CONTRIBUTORY COPYRIGHT INFRINGEMENT; and**<br>**3. CIVIL THEFT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Iceberg Records A/S ("Plaintiff"), demanding trial by jury, complains and alleges as follows:

## INTRODUCTION

1.　　This is a clear-cut copyright infringement case.  Plaintiff's song, "Scatman (ski-ba-bop-ba-dop-bop)" (the "Scatman Song") by Scatman John, is one of the most recognizable dance songs in the world, made famous by Scatman John's unique style of scat singing.  To date, the song alone has amassed hundreds of millions of streams and topped charts across the globe.

2.　　Defendants brazenly misappropriated and used the musical composition for the song in their hit single "Se Fue" by Moncho Chavea and Morad.

---

COMPLAINT

3.      Plaintiff discovered that Defendants had used Plaintiff's sound recording and musical composition (the Scatman Song), in which Plaintiff owns 100% of the sound recording copyright and 50% of the publishing rights, in "Se Fue" without authorization.  On or about November 19, 2025, almost a year after "Se Fue" by Moncho Chavea and Morad was released, Plaintiff received an email from Defendants' representative with the subject line: "Inquiry regarding retroactive clearance for 'Scatman' in 'Se Fue' by Moncho Chavea and Morad."  At no point did Defendants obtain a license or any other authorization from Plaintiff to reproduce, distribute, or otherwise exploit Plaintiff's sound recording or publishing interest in the Scatman Song.  As Defendants continue to exploit the Scatman Song without authorization, Plaintiff brings this action for direct and contributory copyright infringement pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq., to enjoin Defendants from further unauthorized use and to recover all available damages.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over Plaintiff's copyright claims under 28 U.S.C. §§ 1331, 1332, and 1338.  This Court has supplemental jurisdiction over Plaintiff's related state law claim for civil theft pursuant to 28 U.S.C. § 1367(a) because it is so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c), and 28 U.S.C. § 1400(a) because the claims arise in and the Defendants transact business in this Judicial District.

## PARTIES

6.      Plaintiff is a Danish corporation with its principal place of business located in Silkeborg, Denmark.  Plaintiff is an independent record label and music publisher focusing on pop, singer/songwriter, alternative and rock music genres.

Kibler Fowler & Cave LLP

11100 Santa Monica Boulevard
Suite 600
Los Angeles, California 90025

KF&C

7.    On information and belief, Defendant Moncho Chavea is an individual who resides in Madrid, Spain.  Moncho Chavea is a world renowned musician and, on information and belief, routinely conducts business in Los Angeles, California.

8.    On information and belief, Defendant Morad el Khattouti El Horami p/k/a Morad (hereinafter, "Morad") is an individual who resides in L'Hospitalet de Llobregat, Spain.  Morad is a Moroccan-Spanish rapper and singer.  On information and belief, Morad routinely conducts business in Los Angeles, California.

9.    On information and belief, Defendant Universal Music Group N.V. (UMG), is a Dutch corporation and is headquartered in Hilversum, Netherlands, and Santa Monica, California.  Plaintiff is informed and believes that the record label known as Virgin Music Spain is a division of Universal Music Spain S.L.U., which is a subdivision of UMG.

10.    Defendants Does 1 through 10 are sued by fictitious names as their true names are currently unknown to Plaintiff.  Plaintiff will seek leave to amend this complaint to allege the true identities of these Defendants when the same have been ascertained.

11.    Plaintiff is informed and believes that at all relevant times, all Defendants were the agents and/or co-conspirators of their co-defendants, and in doing the things hereinafter alleged, were acting within the course and scope of their authority as those agents and/or co-conspirators, and with the permission and consent of their co-defendants.

## GENERAL ALLEGATIONS

### *Plaintiff's Work:*
### *"Scatman (ski-ba-bop-ba-dop-bop)" by Scatman John*

12.    Since its inception in 1982 by Manfred Zähringer, Plaintiff has built a distinctive international network, allowing several of its artists to gain worldwide recognition, through releases by both major and independent labels.  The most notable of those artists was John Larkin, now better known as Scatman John.

3
COMPLAINT

13.     Mr. Zähringer met Mr. Larkin in Frankfurt, Germany in the early 1990s and encouraged Mr. Larkin to combine his unique style of scat singing with modern dance and hip hop music.  Shortly thereafter, in 1993, Mr. Larkin recorded his first single, "Scatman (ski-ba-bop-ba-dop-bop)" (the "Scatman Song").

14.     The Scatman Song was an instant global success, prompting Mr. Larkin to permanently adopt the stage name Scatman John.  Since then, Scatman John's music has sold 4.5 million albums, 4.5 million singles, and over 35 million compilations globally, receiving 17 gold and 22 platinum awards.  The Scatman Song alone has been streamed hundreds of millions of times to date.[1]

15.     By assignment, Plaintiff owns 50% of the publishing rights and 100% of the master recording rights to the Scatman Song, which was registered with the United States Copyright Office on November 21, 1995 (Reg. No. SR0000197635). Plaintiff also registered the composition for the Scatman Song with the United States Copyright Office on July 3, 1997 (Reg. No. PA0000852053).

### *Defendants' Infringing Work:*
### *"Se Fue" by Moncho Chavea and Morad*

16.     Plaintiff is informed and believes that "Se Fue" (hereinafter, the "Derivative Work") was released as a massive collaborative track between Moncho Chavea and Morad on or about December 19, 2024.  Plaintiff is further informed and believes that the official music video for the Derivative Work was published to YouTube on December 19, 2024, where it currently has over 16,064,649 views.[2]

17.     Plaintiff is informed and believes that the Derivative Work was written by Moncho Chavea and Morad.  Plaintiff is further informed and believes that

---

[1] The official music video for the Song currently has over 288 million views on YouTube.  *See* https://www.youtube.com/watch?v=Hy8kmNEo1i8.

[2] For reference, the official music video for the Derivative Work can be found here: https://www.youtube.com/watch?v=Db3Wpr0NMMY.

Kibler Fowler & Cave LLP

11100 Santa Monica Boulevard
Suite 600
Los Angeles, California 90025

KF&C

4

Moncho Chavea also produced the Derivative Work.

18.    After comparing the tracks, it is apparent that the Derivative Work and the Scatman Song are so strikingly similar that Defendants have used the sound recording of the Scatman Song, as well as the composition.

19.    Defendants made no discernable attempt to manipulate the sound recording to hide their infringement, and the work remains so strikingly similar to the Scatman Song that it could not have been created without using the Scatman Song's sound recording.

20.    Defendants wholesale theft of the sound recording was a brazen attempt to avoid paying Plaintiff a license fee.

21.    Plaintiff brings this lawsuit for copyright infringement and civil theft to enjoin Defendants from further exploiting its work and to recover damages.

**FIRST CAUSE OF ACTION**

**Direct Copyright Infringement**

**(Plaintiff against All Defendants)**

22.    All previous allegations are realleged and incorporated herein by reference.

23.    Plaintiff is the sole owner by assignment of all exclusive rights in the sound recording of the Scatman Song, which was registered with the United States Copyright Office on November 21, 1995 (Reg. No. SR0000197635).  Plaintiff registered the composition for the Scatman Song with the United States Copyright Office on July 3, 1997 (Reg. No. PA0000852053).  Plaintiff also owns by assignment 50% of the publishing rights for the Scatman Song.

24.    Defendants had access to and have directly copied the sound recording and composition of the Scatman Song by incorporating it into the Derivative Work.

25.    Plaintiff has not granted any license to Defendants or otherwise permitted Defendants to use its sound recording and/or composition of the Scatman Song.

Kibler Fowler & Cave LLP

11100 Santa Monica Boulevard
Suite 600
Los Angeles, California 90025

KF&C

26.     As such, Defendants have directly infringed and are continuing to directly infringe Plaintiff's exclusive rights under 17 U.S.C. § 114, including but not limited to Plaintiff's exclusive rights to reproduce, prepare derivative works, distribute, and perform the Scatman Song publicly by means of a digital audio transmission. *See* 17 U.S.C. § 106.

27.     As an actual and proximate result of Defendants' copyright infringement, as described herein, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

28.     On information and belief, Defendants' copyright infringement was committed maliciously, fraudulently, and oppressively with willful and conscious disregard of Plaintiff's rights and with the wrongful intent to injure Plaintiff.

29.     Unless Defendants are restrained from further infringing Plaintiff's exclusive rights, Plaintiff will suffer irreparable injury without an adequate remedy at law.  Accordingly, Plaintiff seeks a declaration that Defendants are infringing Plaintiff's copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement of Plaintiff's copyrights.

<u>SECOND CAUSE OF ACTION</u>

**Contributory Copyright Infringement**

**(Plaintiff against All Defendants)**

30.     All previous allegations are realleged and incorporated herein by reference.

31.     To the extent any Defendant did not directly infringe Plaintiff's work, Plaintiff is informed and believes that those Defendants induced, caused, and/or materially contributed to the infringing activity described herein by permitting and encouraging Defendants to directly infringe the sound recording and/or composition of the Scatman Song.

32.     On information and belief, Defendants knew or had reason to know that materially contributing to the use of Plaintiff's copyrighted material for purposes of

trade would contribute to infringement of Plaintiff's copyrighted material.

33.　As an actual and proximate result of Defendants' contributory copyright infringement, as described herein, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

34.　On information and belief, Defendants' contributory copyright infringement was committed maliciously, fraudulently, and oppressively with willful and conscious disregard of Plaintiff's rights and with the wrongful intent to injure Plaintiff.

35.　Unless Defendants are restrained from further infringing Plaintiff's exclusive rights, Plaintiff will suffer irreparable injury without an adequate remedy at law.  Accordingly, Plaintiff seeks a declaration that Defendants are infringing Plaintiff's copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement of Plaintiff's copyrights.

## THIRD CAUSE OF ACTION

### Receiving, Retaining, Withholding, or Concealing Stolen Property

### in Violation of Cal. Penal Code §496

### (Plaintiff against All Defendants)

36.　All previous allegations are realleged and incorporated herein by reference.

37.　California Penal Code § 496 declares unlawful for any "person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, [to] conceal[], sell[], withhold[] … any property from the owner. . . ." Cal. Penal Code § 496(a).

38.　Here, Defendants have: (1) received, (2) retained, (3) withheld, and (4) concealed stolen property, namely the use of the sound recording of the Scatman Song, as well as the composition.

39.　The money that Defendants ultimately receive in connection with the

Kibler Fowler & Cave LLP

11100 Santa Monica Boulevard
Suite 600
Los Angeles, California 90025

KF&C

7

COMPLAINT

sale of the Derivative Work is the money that was stolen from the Plaintiff.

40.    California Penal Code § 496 also creates a private right of action for "any person who has been injured by a violation of subdivision (a)."  Cal. Penal Code §496(c).

41.    At all relevant times, Plaintiff was the rightful owner of the money resulting from the illicit use of the Scatman Song, as Plaintiff owns 50% of the publishing rights and 100% of the master recording rights to the Scatman Song, with the sound recording registered with the United States Copyright Office on November 21, 1995 (Reg. No. SR0000197635) and composition registered with the United States Copyright Office on July 3, 1997 (Reg. No. PA0000852053).

42.    Plaintiff's property was stolen or obtained in a manner constituting theft or extortion by Defendants.  The Defendants, through false representations and/or false pretenses defrauded members of the public, convincing them to purchase the Derivative Work.

43.    Defendants eventually came into possession of Plaintiff's money by virtue of Defendants' exploitation and sale of the Derivative Work.

44.    Plaintiff is informed and believes that at all times relevant hereto Defendants had actual knowledge that the Scatman Song and all proceeds derived therefrom was stolen from Plaintiff.  Defendants obtained actual knowledge when Defendants used the Scatman Song without first obtaining a license from Plaintiff.  Additionally, Defendants have wrongfully retained the property stolen from Plaintiff by refusing to return the property that rightfully belongs to Plaintiff, including but not limited to, returning the proceeds derived from the exploitation of the Derivative Work.

45.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages.

46.    Defendants' conduct as described herein was made with a conscious disregard of Plaintiff's rights, with the intent to harm, vex, annoy, and/or harass

COMPLAINT

Plaintiff. Such conduct was unauthorized and constitutes oppression, fraud, and/or malice under California Civil Code § 3294, entitling Plaintiff to an award of punitive damages in an amount appropriate to punish or set an example of the offending parties as determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

A.   An award of damages in an amount to be determined at trial, including but not limited to, payment of master royalties;

B.   An order imposing a constructive trust on the money wrongfully obtained;

C.   Attorneys' fees and costs of suit incurred herein, pursuant to 17 U.S.C. § 505;

D.   Treble damages, costs of suit and reasonable attorney's fees, pursuant to Cal. Penal Code § 496(c);

E.   Punitive damages;

F.   Statutory damages;

G.   Injunctive relief;

H.   Pre-judgment interest as provided by law; and

I.   An award of any other and further relief that the Court deems just and proper.

Dated:  June 30, 2026                    KIBLER FOWLER & CAVE LLP


By: _____
MATTHEW J. CAVE
BENJAMIN MARSH
Attorneys for Iceberg Records A/S

### DEMAND FOR JURY TRIAL

Plaintiff Iceberg Records A/S hereby demands trial by jury pursuant to Federal Rule of Civil Procedure 38(b), 28 U.S.C. § 38, and Local Rule 38-1.

Dated:  June 30, 2026                    KIBLER FOWLER & CAVE LLP

By: _____

MATTHEW J. CAVE
BENJAMIN MARSH
Attorneys for Iceberg Records A/S

COMPLAINT